T.C. Summary Opinion 2001-111

UNITED STATES TAX COURT

LARRY D. & MARIE A. LAND, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3034-00S.                    Filed July 26, 2001.

Larry D. Land, pro se.

<u>Blaine C. Holiday</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>: This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,636 in petitioners' 1995 Federal income tax and a section 6662(a) penalty of $1,127.20. At trial, petitioners conceded that they are not entitled to deductions of $3,000 for contract labor and $1,156 for utilities expenses, which they claimed on their Schedule C. Respondent conceded the section 6662(a) penalty. This Court must decide: (1) Whether petitioners are entitled to a claimed Schedule C deduction of $3,276 for vehicle expense; and (2) whether petitioners are entitled to an $11,561 deduction for expenses claimed on their Schedule F. The earned income credit under section 32 will automatically be adjusted for any changes.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in St. Paul, Minnesota, at the time they filed their petition.

Larry Land (petitioner) filed a Schedule C for a business named New Tech Ideas (New Tech) which was in the business of "NEW PRODUCTS". Petitioner is the proprietor of New Tech. Apparently, petitioner has various products he has invented, such as a "wrist saver" and a "dice randomizer". He claimed he had 17 games copyrighted. Petitioner claimed he had "a lot of copyrights and a lot of patents out there". At trial he stated, "Hopefully, one day I'll be able to market them." As part of his "business", petitioner claimed that he drove around to various stores to window shop, where he would look at the merchandise in

order to find new products to make. On the New Tech Schedule C, petitioners reported no income and no inventory. Petitioner explained this by stating: "Most all of this stuff at that point is give away stuff you give to people and give away hoping that they will say, 'Hey, we like that idea and we're going to do it with you.'" During 1995, petitioner was also a partner in Nashville North, LLC, a partnership, the purpose of which was to promote Greg Shires, a country and western singer, and produce CDs.

On the New Tech Schedule C, petitioners deducted $4,451 of their home mortgage interest as rent and $697 of property taxes as taxes. Petitioners did not elect to itemize their deductions. Petitioners paid $4,451 in mortgage interest expense and $1,394 in taxes. Respondent disallowed the $4,451 of rent expense and the $697 of taxes claimed on the Schedule C. Instead, respondent determined that petitioners are entitled to a $2,922 deduction for business use of their home. Petitioners agreed with the determination that they were limited to that deduction for the business use of their home. We sustain respondent's determinations that disallowed the rent and tax deductions claimed by petitioners on the New Tech Schedule C and allowed petitioners a $2,922 deduction for the business use of their home.

Petitioner claimed $16,000 of deductions for prototype manufacturing expense on New Tech's Schedule C. The money was for the production of country and western CDs which petitioner planned to give away. Petitioner thought that if he gave away the CDs, people would invest in that endeavor. Respondent contends that this $16,000 prototype expense was an expense of the Nashville North, LLC, partnership, because the partnership was the entity promoting Greg Shires, the singer on the CDs. Petitioner agreed with this characterization at trial. Accordingly, the expense belonged to the partnership. We sustain respondent's determination as to this issue.

Respondent disallowed $3,276 of vehicle expense deducted on petitioners' New Tech Schedule C. Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate claimed deductions. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Moreover, taxpayers must keep sufficient records to establish the amounts of the deductions. Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs.

Section 274(d) imposes stringent substantiation requirements for the deduction of travel expenses and automobile expenses. Taxpayers must substantiate by adequate records certain items in

order to claim deductions, such as the amount and place of each separate expenditure, the property's business and total usage, the date of the expenditure or use, and the business purpose for an expenditure or use. Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To substantiate a deduction by means of adequate records, a taxpayer must maintain an account book, diary, log, statement of expense, trip sheets, and/or other documentary evidence, which, in combination, are sufficient to establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner provided a calendar with circled numbers that allegedly represent the total number of miles driven each day for business purposes. Petitioner also had a hand-written sheet with the total business and nonbusiness miles traveled during the year in his car and truck. There was no mention in any document of where petitioner traveled, who he visited, or the business purpose of each trip. Many notations appear to be personal in nature. Even assuming petitioner had a trade or business, these records are not adequate to satisfy the requirements of section 274. We sustain respondent's determination as to this issue.

Petitioners reported a $12,000 annual installment payment from the sale of their home and farm as income on their Schedule F, Profit or Loss From Farming, under "Sales of livestock,

produce, grains, and other products you raised".  Respondent determined that the $12,000 installment payment should not have been reported on Schedule F, but it should have been reported on Schedule D as capital gain income of $6,619.  Petitioner appeared to agree to this adjustment.  We sustain respondent's determination.

Respondent also disallowed $11,561 of the deductions on petitioners' Schedule F.  The deductions consist of $10,600 of legal fees, $100 of accounting fees, $3 for office expense, $434 of telephone expense, $224 of miscellaneous expense, and $200 of other interest expense.  Respondent contends that the expenses are not farm expenses and that the majority of the expenses are personal expenses.  Aside from the legal fees, petitioners did not substantiate the remaining $961 of claimed expenses.

Petitioner has been engaged in a law suit against the United States for damage done to his cattle and family when the U.S. Army allegedly disposed of nerve agents into the water supply of the farm.

Respondent concedes that petitioners paid $10,600 of legal expenses in 1995 in connection with the lawsuits.  Respondent contends that the lawsuits were principally for personal injuries suffered by petitioner and his family, and that the legal fees would not be deductible because any recovery from the lawsuits would be nontaxable under section 104.

Litigation expenses may be deductible under either section 162 or section 212. Guill v. Commissioner, 112 T.C. 325, 328 (1999); Noons v. Commissioner, T.C. Memo. 2000-106. Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Under section 212, a taxpayer may deduct all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, if such income will be taxable when received. Andrews v. Commissioner, T.C. Memo. 1992-668; Orr v. Commissioner, T.C. Memo. 1992-566; sec. 1.212-1(a), Income Tax Regs. Section 265(a)(1) provides that no deduction is allowable for expenses allocable to income which is wholly exempt from income tax.

In the lawsuit, petitioners "claim that they suffered personal injuries and property damage". Land v. United States, 35 Fed. Cl. 345, 346 (1996), affd. 37 Fed. Cl. 231 (1997). Under section 104(a)(2), gross income does not include "the amount of any damages received (whether by suit or agreement * * *) on account of personal injuries or sickness". Any damages that petitioners potentially could have received on account of their personal injuries would not be taxable under section 104. Therefore, the expenses associated with the personal injury portion of their suit are not deductible. Sec. 265.

Petitioners provided no allocation of the fees they paid. Nevertheless, we recognize that some part of the legal fees was

business expenses.  Where the Court is satisfied that the taxpayer is entitled to some deduction but where the records are inadequate to establish the amount of the deduction, the Court may make an approximation of the amount of the deduction.  Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).  In such cases we are cautioned to bear heavily against the taxpayer "whose inexactitude is of his own making."  Cohan v. Commissioner, supra at 544.  We find that $2,000 of the legal fees are deductible under section 162.

To the extent that we have not addressed any of the parties' arguments, we have considered them and conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.